UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT L. DUNN, SR.,

                Plaintiff,

       -against-

BLAKE STARNER,

                Defendant.
------------------------------------------------------------------X

**OPINION AND ORDER**

15 Civ. 6410 (JCM)

      Plaintiff Robert L. Dunn, Sr., proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Defendant Blake Starner. Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket No. 54). Plaintiff has opposed Defendant's motion, (Docket No. 66), and filed his own motion requesting "compensation" and a "stay away order," (Docket No. 62). For the reasons set forth below, the Court grants Defendant's motion and denies Plaintiff's motion.[1]

**I. BACKGROUND**

**A. Procedural Background**

      Plaintiff filed the complaint in this action on August 12, 2015. (Docket No. 2). His complaint, read generously, seeks monetary damages pursuant to Section 1983 based on an alleged pattern of harassment by Defendant in violation of Plaintiff's constitutional right to substantive due process. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) ("[W]e read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994))). In

---

[1] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Docket No. 27).

his complaint, Plaintiff alleges that Defendant "showed up at [Plaintiff's] home off duty harassing [Plaintiff] & making numerous threats, as well as making bias remarks about [Plaintiff's] sexuality, following [Plaintiff] around using his authority to intimidate [Plaintiff]." (Docket No. 2 at § III.C).

On April 7, 2017, after completing discovery, Defendant filed a motion for summary judgment, (Docket No. 54), accompanied by a memorandum of law, (Docket No. 56); a statement of facts pursuant to Local Civil Rule 56.1, (Docket No. 60); an affidavit signed by Defendant ("Starner Aff."), (Docket No. 57), attaching five exhibits labeled "A" through "E," (Docket Nos. 57-1 through 57-5); an affidavit signed by James Ginty ("Ginty Aff."), (Docket No. 55); and an affidavit signed by Michael Davidoff, (Docket No. 58), attaching three exhibits labeled "A" through "C," (Docket Nos. 58-1 through 58-3), including a copy of the transcript from the deposition of Plaintiff conducted on January 27, 2017 ("Dunn Dep. Tr."), (Docket No. 58-3).

On April 12, 2017, Plaintiff filed a notice of motion requesting that the Court "have Defendant compensate [Plaintiff] due to the substantial amount of stress, trauma related issues, [and] anxiety issues stemming from [Defendant's] misconduct . . . ." (Docket No. 62 at 1). Plaintiff also requested "a stay away order against Defendant." (*Id.*). With his notice of motion, Plaintiff submitted a declaration signed by him and dated March 30, 2017 ("Dunn Declaration"). (Docket No. 62 at 2–4). In addition, on April 25, 2017, Plaintiff submitted a letter opposing Defendant's motion for summary judgment. (Docket No. 66). Plaintiff did not submit a Rule 56.1 statement in opposition to Defendant's summary judgment motion. On April 27, 2017, Defendant filed a memorandum of law, (Docket No. 68), and an additional affidavit signed by Defendant, (Docket No. 67), in opposition to Plaintiff's motion.

The Court has considered Defendant's motion for summary judgment concurrently with Plaintiff's motion for compensation because the two motions concern the same issues.

**B. Facts**

The following facts—which are based on the evidence submitted in support of Defendant's motion for summary judgment, as well as the Dunn Declaration submitted by Plaintiff—are undisputed unless otherwise indicated.

Defendant is a Sergeant in the Sullivan County Sheriff's Patrol Office. (Starner Aff. ¶ 1). His duties include investigating crimes and road patrol. (*Id.*). In May 2014, he commenced a rape investigation that brought him into contact with Plaintiff, who was a suspect. (*Id.* ¶ 2). As a result of Defendant's investigation, Plaintiff was arrested for sexual relations with an underage person. (*Id.* ¶¶ 7–8). In January 2015, Plaintiff was convicted upon a plea of guilty of Violation of Penal Law 130.20, Class A Misdemeanor, Sexual Misconduct. (*Id.* ¶ 8). Plaintiff was sentenced to a term of one year in the Sullivan County Jail. (*Id.* ¶ 9).

In April 2015, following Plaintiff's release from incarceration, Defendant assisted Plaintiff with Plaintiff's registration as a sex offender at the Sullivan County Sheriff's Office. (*Id.* ¶¶ 10–11). After the registration, Plaintiff requested return of his personal property that had been taken from him when he was arrested in May 2014. (*Id.* ¶ 14). Upon returning Plaintiff's personal property, which included a cell phone, Defendant became aware that Plaintiff had given untruthful responses when completing his sex offender registration, and Defendant commenced a criminal investigation. (*Id.* ¶¶ 16–17). As a result of this investigation, Plaintiff was ultimately arrested and charged with (1) Violation of Penal Law 105.05, Conspiracy in the Fifth Degree; and (2) Violation of Penal Law 235.22, Indecent Material to Minors in Violation of Correction Law 0168-F, Sex Offender Failed to Report Change. (*Id.* ¶¶ 22, 24).

Defendant commenced another unrelated investigation of Plaintiff as a result of a call to the Sullivan County Sheriff's Department of a possible sexual encounter between Plaintiff and another person who may have been underage. (*Id.* ¶ 23). This investigation resulted in no charges against Plaintiff, as it was discovered that the person who had been with Plaintiff was an adult. (*Id.*). Defendant admits that he went to Plaintiff's house on two occasions while conducting this unrelated investigation, but Plaintiff was not there. (*Id.* at ¶¶ 23, 37). Plaintiff testified that he had contact with Defendant at his house on one of these occasions, during which Defendant threatened: "I am going to see to it that you get put away for a very long time." (Dunn Dep. Tr. at 38:13–39:21). Defendant denies that this encounter ever occurred. (Starner Aff. ¶¶ 23, 37).

At his deposition, Plaintiff also testified to a separate alleged encounter in which Defendant followed Plaintiff on Plaintiff's street while driving an unmarked vehicle and made a remark to Plaintiff about Plaintiff's sexuality. (Dunn Dep. Tr. at 25:5–26:17). Defendant also denies that this encounter ever occurred. (Starner Aff. ¶¶ 31–32).

On June 16, 2015, while Plaintiff was incarcerated at the Sullivan County Jail, Defendant obtained a search warrant for information from Plaintiff's cell phone. (Starner Aff. ¶ 25; *see also* Docket No. 57-3 at 7). Shortly thereafter, Defendant interviewed Plaintiff in the presence of Sullivan County Sheriff's Office Captain James Ginty and requested that Plaintiff provide information in order to unlock Plaintiff's cell phone. (*Id.*; *see also* Ginty Aff. ¶¶ 3–10; Dunn Dep. Tr. at 35:9–38:6). Plaintiff unlocked the phone. (Starner Aff. ¶ 25; Ginty Aff. ¶ 11; Dunn Dep. Tr. at 36:17–22). In April 2016, Plaintiff pled guilty to Violation of Correction Law 0168-F(4), Class E Felony, Sex Offender Failed to Report Change of Address/Status in 10 days, and was sentenced to a term of sixteen months to four years. (Starner Aff. ¶ 27).

On each occasion that Defendant had direct contact with Plaintiff during the relevant period—other than the two encounters Plaintiff claims occurred, but which Defendant denies—the encounter was related to a criminal investigation conducted by Defendant. (Starner Aff. ¶ 38).

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the burden of demonstrating that it is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to a material fact "exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008); *see also Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Casalino v. N.Y. State Catholic Health Plan, Inc.*, No. 09 Civ. 2583(LAP), 2012 WL 1079943, at *6 (S.D.N.Y. Mar. 30, 2012).[2]

In reviewing a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the [non-moving] party" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150–51 (2000). That said, the Court may not weigh the evidence or

---

[2] In accordance with *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others cited herein, only available by electronic database, accompany this Opinion and Order and shall be simultaneously delivered to the *pro se* Plaintiff.

5

determine the truth of the matter, but rather conducts "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250.

The moving party bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323). If the moving party meets this initial burden, the burden then shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Id.* "The non-moving party 'is required to go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial,'" *id.* (citing *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 249–50), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-moving party fails to establish the existence of an essential element of the case on which it bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23. Because Plaintiff is proceeding *pro se,* the Court must construe his papers liberally and interpret them to raise the strongest arguments that they suggest. *McPherson,* 174 F.3d at 280. Nonetheless, "application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records,* 351 F.3d 46, 50 (2d Cir. 2003).

In the Southern District of New York, parties moving for and opposing summary judgment must also submit short and concise statements of facts, supported by evidence that would be admissible at trial. Local Civ. R. 56.1. The opposing party must specifically controvert the moving party's statement of material facts, or the moving party's facts will be deemed admitted for purposes of the motion. Local Civ. R. 56.1(c); *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement

permits the court to conclude that the facts asserted in the statement are uncontested and admissible."). However, uncontested facts cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement; the Court is free to disregard the assertion in the absence of citations or where the cited materials do not support the factual assertions in the statements. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). The Court therefore has discretion "to conduct an assiduous review of the record" even where one of the parties has failed to file such a statement. *Id.*; *see also* Fed. R. Civ. P. 56(c)(3). Nevertheless, the Court is "not required to consider what the parties fail to point out." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000).

### III. DISCUSSION

Plaintiff alleges in his complaint that the basis for the Court's jurisdiction is federal question jurisdiction arising out of Plaintiff's "constitutional rights being violated." (Docket No. 2 at § II.B). Accordingly, the Court construes Plaintiff's complaint as asserting claims pursuant to 42 U.S.C. § 1983. "The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (quoting 42 U.S.C. § 1983). It is not clear what specific constitutional right Plaintiff believes to be at stake. (*See* Dunn Dep. Tr. at 51:10–54:23). Read generously, Plaintiff's complaint appears to assert a claim that Defendant's conduct violated Plaintiff's right to substantive due process.

"[T]he substantive component of the Fourteenth Amendment's Due Process Clause forbids the government from burdening, in a constitutionally arbitrary way, an individual's property [or liberty] rights." *Kastle v. Town of Kent, N.Y.*, No. 13 CV 2256(VB), 2014 WL 1508703, at *9 (S.D.N.Y. Mar. 21, 2014) (alteration in original) (quoting *O'Connor v. Pierson*,

426 F.3d 187, 204 (2d Cir. 2005)). "To show a violation of substantive due process, plaintiff must: (1) identify the constitutional right at stake, and (2) demonstrate that the government action was conscience-shocking or arbitrary in the constitutional sense." *Vaher v. Town of Orangetown, N.Y.*, 133 F. Supp. 3d 574, 601–02 (S.D.N.Y. 2015) (quoting *Little v. City of New York*, 487 F. Supp. 2d 426, 443 (S.D.N.Y.2007)).

In particular, Plaintiff's complaint appears to assert a "pattern of harassment" claim, as recognized by the Second Circuit in *Chalfy v. Turoff*, 804 F.2d 20, 22 (2d Cir. 1986), and its progeny. "*Chalfy* claims under § 1983 are substantive due process claims that are available when there is 'a true pattern of harassment by government officials.'" *Bertuglia v. City of New York*, 133 F. Supp. 3d 608, 636 (S.D.N.Y. 2015) (quoting *Chalfly*, 804 F.2d at 22), *aff'd sub nom. Bertuglia v. Schaffler*, 672 F. App'x 96 (2d Cir. 2016). "The challenged activity must be one that 'can properly be characterized as arbitrary, or conscience-shocking, in a constitutional sense.' As such, *Chalfy* claims are exceedingly difficult to prove." *Bertuglia*, 133 F. Supp. 3d at 637 (citations omitted) (quoting *Interport Pilots Agency, Inc. v. Sammis*, 14 F.3d 133, 144 (2d Cir. 1994)). In *Chalfy*, the Second Circuit affirmed summary judgment dismissing the claim because the plaintiffs had not shown "systematic and intentional harassment." *Chalfy*, 804 F.2d at 22–23.

Viewed in the light most favorable to Plaintiff, "the evidence falls short of the high threshold necessary for a *Chalfy* claim." *Bertuglia*, 133 F. Supp. 3d at 637 (granting summary judgment in favor of defendant). In particular, Plaintiff "has not provided evidence sufficient for a reasonable juror to conclude that Defendant . . . systematically harassed him in a conscience-shocking way." *Vaher*, 133 F. Supp. 3d at 603 (granting summary judgment in favor of defendants).

In his complaint, Plaintiff alleges that Defendant made "threats" and "bias remarks about [Plaintiff's] sexuality." (Docket No. 2 at § III.C). Even assuming the truth of Plaintiff's vague and uncorroborated allegations, "[t]he law is clear that verbal harassment or even threats alone are not actionable under 42 U.S.C. § 1983." *Cotz v. Mastroeni*, 476 F. Supp. 2d 332, 372 (S.D.N.Y. 2007); *see also Bowles v. State*, 37 F. Supp. 2d 608, 613 (S.D.N.Y. 1999) ("[V]erbal harassment or threats alone do not constitute a violation of any federally protected right and are therefore not actionable pursuant to 42 U.S.C. § 1983."); *Ramirez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y. 1996) ("Allegations of threats or verbal harassment, without any injury or damage, do not state a claim under 42 U.S.C. § 1983."); *Haussman v. Fergus*, 894 F. Supp. 142, 149 (S.D.N.Y. 1995) ("[T]he taunts, insults and racial slurs alleged to have been hurled at plaintiff by defendants, while reprehensible if true, do not comprise an infringement of constitutional guarantees.").

Plaintiff has also accused Defendant of following and "stalking" him. (*See* Docket No. 62 at 4). During his deposition, Plaintiff testified to various contacts he allegedly had with Defendant. (Dunn Dep. Tr. at 42:4–50:21). Almost all of the alleged contacts between Plaintiff and Defendant occurred in connection with criminal investigations by Defendant that resulted in Plaintiff being arrested and charged with crimes to which Plaintiff ultimately pled guilty. (*Id.*; Starner Dep. ¶ 38). There are two encounters that Plaintiff claims occurred and that Defendant denies. First, Plaintiff claims there was an incident in early 2015 at York Avenue in Monticello, New York, when Defendant allegedly followed Plaintiff and made a remark about Plaintiff's sexuality. (*Compare* Dunn Dep. Tr. at 24:7–26:14, *with* Starner Aff. ¶ 32). Second, Plaintiff claims there was an instance in which Defendant came to Plaintiff's house and threatened: "I am going to see to it that you get put away for a very long time." (*Compare* Dunn Dep. Tr. at 38:8–

40:3, *with* Starner Aff. ¶ 37). Even assuming the truth of Plaintiff's factual assertions, the handful of encounters described by Plaintiff—primarily involving Defendant's performance of his official duties—are insufficient to establish a pattern of intentional and systematic harassment that was arbitrary or conscience-shocking in a constitutional sense. Plaintiff has not provided evidence sufficient for a reasonable juror to conclude that Defendant's actions unlawfully infringed Plaintiff's liberty or property interests or placed "discriminatory burden on a constitutionally protected activity." *Chalfy*, 804 F.2d at 22. Therefore, Defendant is entitled to summary judgment. Similarly, Plaintiff has failed to establish a basis for the Court to grant Plaintiff's request for "compensation" and a "stay away order."

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and Plaintiff's motion for "compensation" and a "stay away order" is denied. Plaintiff's claims are dismissed with prejudice. The Clerk is respectfully requested to terminate the pending motions (Docket Nos. 54, 62), close the case, and mail a copy of this Opinion and Order to the *pro se* Plaintiff.

Dated: February 13, 2018
        White Plains, New York

                                        **SO ORDERED:**

                                        *[signature: Judith C. McCarthy]*
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge